# Hunter v. The State.

## Indictment for Illegal Voting.

1. *Proof of poll-list.*—The poll-list, certified by the inspectors of the election, is the highest and best evidence of the persons who voted at the precinct; but, if it is not certified by the inspectors, it is not competent evidence against a person indicted for illegal voting, without extrinsic proof of its authenticity and correctness.

FROM the Circuit Court of Wilcox.
Tried before the Hon. JOHN K. HENRY.

The defendant in this case, Abram Hunter, *alias* Abram Campbell, was indicted for illegally voting, " in said county of Wilcox, at the general election held in the State of Alabama on the first Tuesday after the first Monday in November, A. D. 1874, he not having resided in said county three months next preceding said election." There was no objection to the indictment, and the trial was had on issue joined on the plea of not guilty. "On the trial," as the bill of exceptions states, "the State offered in evidence a paper which purported to be the poll-list of the voters at the box at which the evidence tended to show that the defendant had voted. This paper, before it was offered in evidence, was exhibited to the probate judge of said county, who was examined as a witness, and who testified, that said paper was the poll-list of Camden beat in said county, of the votes cast at the general election in 1874, as found by him in the said office when he came into office in November, 1874 ; but it was not proved that there was no other paper in said office, or elsewhere, purporting to be the poll-list of said election ; and said paper was not signed by any person as inspector of said election, but was signed by the clerk or clerks of the election ; for which reason, the defendant objected to said paper going to the jury as evidence ; which objection the court overruled, and permitted said paper to go to the jury as evidence ; to which the defendant excepted." Other exceptions were reserved on the trial, but they require no special notice.

DORTCH & HOWARD, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—Under section 46 of the act " to regulate
VOL. LV.

[Stroud v. The State.]

elections in the State of Alabama," (Pamph. Acts 1872–3, p. 27), it is made the duty of the inspectors to "certify the poll-list." If the poll-list offered in evidence in the present case, had been so certified, it would have borne on its face the evidence of authenticity, and would have been admissible, as an official act properly certified. The present poll-list, however, wanted the certificate of the proper officers, and was not self-proving. If its authenticity, and that it was the correct poll-list, had been otherwise shown, it would then have been proper evidence. The poll-list being the highest and best evidence of the persons who voted at the precinct, it was proper to put it in evidence, unless its destruction or loss was proved.—See *Wilson v. The State*, 52 Ala. 299.

For the single error above noticed, the judgment of the Circuit Court is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.